**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------

WILLIE SINGLETON,

         Plaintiff,

 v.              No. 14-CV-185
                   (DNH/CFH)

CAROLE PERRY, Secretary to the Chief
of Police, Geneva City Public Safety
Building,

         Defendant.
-----------------------------------------------------------------

**APPEARANCES:**          **OF COUNSEL:**

WILLIE SINGLETON
Plaintiff Pro Se
07-B-3397
Clinton Correctional Facility
Post Office Box 2002
Dannemora, New York 12929

**CHRISTIAN F. HUMMEL
U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER

The Clerk has sent to the Court a civil rights complaint brought by pro se plaintiff Willie Singleton ("Singleton"), pursuant to 42 U.S.C. § 1983. Compl. (Dkt. No. 1). Singleton has not paid the filing fee and instead seeks permission to proceed with this matter in forma pauperis ("IFP"). Dkt. No. 2.

## I. DISCUSSION

### A. Application to Proceed IFP

Singleton has submitted an IFP Application. After reviewing the information provided

therein, the Court finds that Singleton may properly proceed with this matter IFP.

**B. Allegations Contained in the Complaint**

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed in forma pauperis, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

Singleton brings this action pursuant to 42 U.S.C. § 1983. An action commenced pursuant to 42 U.S.C. § 1983 requires proof of the "deprivation of any right[], privilege[], or immunit[y] secured by the Constitution" or laws of the federal government. 42 U.S.C. § 1983; see also German v. Fed. Home Loan Mortg. Corp., 885 F. Supp. 537, 573 (S.D.N.Y. 1995) ("Section 1983 establishes a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States.") (quotations omitted).

Under the Sex Offender Registration Act ("SORA"), Singleton is a level three sex offender who is required to personally verify his home address with the local law enforcement agency every ninety days. Compl. at 4; N.Y. CORRECT. LAW § 168-f. Defendant and Secretary to the Chief of Police of Geneva, Carole Perry ("Perry"), was "solely responsible for accepting and filing" Singleton's verifications. Id. at 5. On

2

September 26, 2006, Singleton attempted to verify his home address with Perry but was denied because he arrived too late in the day. Id. at 4. Singleton asserts that Perry violated his Fourteenth Amendment procedural due process and equal protection rights by carrying out the policy of accepting SORA verifications only from Monday through Friday between the hours of 8:00 a.m. to 4:00 p.m. Id. at 5. Singleton argues that this policy dramatically reduces the number of available days allowed for in-person verifications. Id. For a more complete statement of Singleton's claims, reference is made to the complaint.

The undersigned recommends dismissal of the action because it is time-barred. "The statute of limitations for claims brought under Sections 1981 and 1985 of the Civil Rights Act is three years." Johnson v. Nyack Hosp., 891 F. Supp. 155, 162 (S.D.N.Y. 1995) (citing inter alia Tadros v. Coleman, 898 F.2d 10, 12 (2d Cir.) cert. denied 498 U.S. 869 (1990)). Moreover, "[t]he claim accrues and the limitation period begins to run when the plaintiff has notice of the act that is claimed to have caused injury." Id. (citations omitted). Singleton alleges that Perry committed the alleged constitutional violations on September 26, 2006. Thus, it appears from the face of Singleton's pleading that this action should have been brought on or before September 26, 2009, and is therefore grossly untimely. Accordingly, amendment is futile. See e.g., Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (holding that while pro se litigants are generally given an opportunity to amend their complaints to cure any deficiencies, where "[t]he problem with [the] causes of action is substantive; better pleading will not cure [the deficiencies and r]epleading would . . . be futile," thus leave to amend should be denied) (citations omitted).

Moreover, Singleton has proffered allegations against Perry that appear to be protected from liability as a matter of law by the doctrine of Eleventh Amendment immunity.

3

Perry is not amenable to suit in her official capacity "because [the police department] does not exist separate and apart from the municipality and does not have its own legal identity" and Perry "is also considered an arm of the City, and therefore cannot be sued in that capacity." Hines v. City of Albany, 542 F. Supp. 2d 218, 227 (N.D.N.Y. 2008) (internal quotation marks and citations omitted). Accordingly, any and all claims against Perry should be dismissed pursuant to such.[1]

**WHEREFORE**, it is hereby

**ORDERED**, that Singleton's Motion to Proceed In Forma Pauperis (Dkt. No. 2) is **GRANTED**; and it is further

**RECOMMENDED** that pursuant to the Court's review under 28 U.S.C. § 1915 and § 1915A, Singleton's complaint is **DISMISSED** for failure to state a claim; and it is further

**RECOMMENDED** that, because of the futility of amendment, Singleton not be provided an opportunity to amend his complaint; and it is further

**ORDERED** that the Clerk serve a copy of this Report-Recommendation and Order on the parties in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D.L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)). **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d

---

[1] Because it is recommended that Singleton's action be dismissed for the reasons set forth, the merits of Singleton's claims need not be addressed.

85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).


Dated: March 4, 2014
       Albany, New York

Christian F. Hummel
U.S. Magistrate Judge