UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WILLIE SINGLETON,

                                       8:14-CV-185
                                       (DNH/CFH)

                        Plaintiff,

     -v-


CAROLE PERRY, Secretary to the Chief
of Police, Geneva City Public Safety Building,

                        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                                OF COUNSEL:

WILLIE SINGLETON
Plaintiff Pro Se
07-B-3397
Clinton Correctional Facility
Post Office Box 2002
Dannemora, NY 12929


DAVID N. HURD
United States District Judge

## **DECISION and ORDER**

      Pro se plaintiff Willie Singleton brought this action pursuant to 42 U.S.C. § 1983. On March 4, 2014, the Honorable Christian F. Hummel, United States Magistrate Judge, advised by Report-Recommendation that plaintiff's complaint be dismissed as untimely based on the statute of limitations. Plaintiff timely filed objections to the Report-Recommendation.

Based upon a de novo review of the portions of the Report-Recommendation to which plaintiff objected, the Report-Recommendation is accepted and adopted in all respects. See 28 U.S.C. § 636(b)(1).[1]

Therefore, it is

ORDERED that

Plaintiff's complaint is DISMISSED in its entirety.

The Clerk is directed to serve a copy of this Decision and Order upon plaintiff in accordance with the Local Rules.

IT IS SO ORDERED.

_____
United States District Judge

Dated: March 27, 2014
Utica, New York.

---

[1] The Report-Recommendation notes that the statute of limitations for claims brought under §§ 1981 and 1985 of the Civil Rights Act is three years. However, the claims in this case were brought pursuant to § 1983. The statute of limitations for a § 1983 claim arising in New York is also three years. Cloverleaf Realty v. Town of Wawayanda, 572 F.3d 93, 94 (2d Cir. 2009). Thus, the end result is the same.